UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA RAMOS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LOS RIOS COMMUNITY COLLEGE DISTRICT, a public entity, THOMAS KLOSTER dba METRO-MATH TUTORING SERVICES, a company, THOMAS KLOSTER, an individual, DOES 1-50, inclusive,<br><br>Defendants. | CIV. NO. 2:17-01458 WBS KJN<br><br>MEMORANDUM AND ORDER RE: MOTION TO DISMISS |

Plaintiff Angela Ramos brought this action against defendants Los Rios Community College District, Metro-Math Tutoring Services, Thomas Kloster, and Does 1-50 asserting federal and state claims arising from alleged sexual harassment she experienced by Thomas Kloster. (Compl. (Docket No. 1.).) Before the court is defendant Los Rios Community College District's Motion to dismiss plaintiff's Complaint under Rule 12(b)(6). (Def.'s Mot. (Docket No.4).)

In January 2016, plaintiff enrolled in Algebra 30 at

1

Cosumnes River College ("CDC"), a college in the Los Rios Community College District ("District"). (Compl. ¶ 9, 13.) Thomas Kloster ("Kloster") worked as a professor at CDC and taught Algebra 30. (Compl. ¶ 19.) Around mid-January 2016, Kloster asked plaintiff to work as a recruiter for his tutoring business, Metro-Math Tutoring Services. (Compl. ¶ 20.) From approximately April to the end of June 2016, plaintiff alleges defendant attempted to kiss her, sent her inappropriate and threatening text messages, and stalked her on and off campus. (Compl. ¶¶ 22-40.) Plaintiff alleges that as a result of the harassment, she did not take her final exam in Kloster's class, her grades suffered, she was placed on academic probation, she enrolled in summer classes, and she began taking classes at another city college. (Compl. ¶¶ 34, 39, 46, 48.)

On June 13, 2017, plaintiff filed her Complaint in the Superior Court of the State of California in and for the County of Sacramento for damages against defendants for violation of Title IX, 20 U.S.C. § 1681(a) and enumerated supplemental state law claims. On July 13, 2017, the district removed the action to this court under 28 U.S.C. § 1441(b). The district's motion to dismiss is the first response to the complaint.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept the allegations in the pleadings as true and draw all reasonable inferences in favor of the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). To survive a motion to dismiss, a plaintiff must plead "only enough facts to

2

state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions," Twombly, 550 U.S. at 555 (citation omitted), and "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Under Title IX, "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). Title IX encompasses claims of sexual harassment by a student against a teacher. See Franklin v. Gwinnett Cty. Pub. Sch., 503 U.S. 60, 75, (1992). To state a sexual harassment claim under Title IX, the plaintiff must allege the district "(1) had actual knowledge of, and (2) was deliberately indifferent to (3) harassment that was so severe, pervasive and objectively offensive that it (4) deprived the victim of access to the educational benefits or opportunities provided by the school." Murrell v. Sch. Dist. No. 1, Denver, Colo., 186 F.3d 1238, 1246 (10th Cir. 1999).

While the dates are unclear, plaintiff alleges she reported the sexual harassment to a teacher, professor, dean, and Title IX officer. A school district does not have actual notice of the harassment "unless an official who at a minimum has

3

authority to address the alleged discrimination and to institute corrective measures on the recipient's behalf has actual knowledge of discrimination and fails adequately to respond." Gebser v. Lago Vista Indep. Sch. Dist., 524 U.S. 274, 290 (1998). Plaintiff pled sufficient facts that the district had actual notice of Kloster's conduct.

While the exact response and the dates of action in response to learning of Kloster's conduct are unclear, the shortest amount of time the district responded to learning of the harassment was eight days. School administrators are deliberately indifferent "only where the recipient's response to the harassment or lack thereof is clearly unreasonable in light of the known circumstances." Davis Next Friend LaShonda D. v. Monroe Cty. Bd. of Educ., 526 U.S. 629, 648 (1999). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." Baynard v. Malone, 268 F.3d 228, 236 (4th Cir. 2001) (citations omitted). What constitutes an unreasonable period of time is by its nature a question of fact, and this court cannot say as a matter of law at this stage of the proceedings that eight days was or was not an unreasonable period of time.

Defendants' motion to dismiss plaintiff's claim under Title IX, as well as her supplemental state law claims, must therefore be DENIED.

IT IS SO ORDERED.

Dated: October 17, 2017

*[signature]*

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE