UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA RAMOS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LOS RIOS COMMUNITY COLLEGE DISTRICT, a public entity, THOMAS KLOSTER dba METRO-MATH TUTORING SERVICES, a company, THOMAS KLOSTER, an individual, DOES 1-50, inclusive,<br><br>Defendants. | CIV. NO. 2:17-1458 WBS KJN<br><br>MEMORANDUM AND ORDER RE: MOTION FOR RECONSIDERATION |

    Before the court is defendant Los Rios Community College District's ("the District") Motion for reconsideration of the court's October 17, 2017 Order (Docket No. 18) denying defendant's Motion to dismiss plaintiff's claim under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a).

    To state a sexual harassment claim under Title IX against a school district, the plaintiff must allege the district "(1) had actual knowledge of, and (2) was deliberately indifferent to (3) harassment that was so severe, pervasive and

1

objectively offensive that it (4) deprived the victim of access to the educational benefits or opportunities provided by the school." Murrell v. Sch. Dist. No. 1, Denver, Colo., 186 F.3d 1238, 1246 (10th Cir. 1999). There is no question that the complaint sufficiently alleges actual knowledge of the alleged sexual harassment on the part of the District in this case. Nor is there any dispute over sufficiency of the allegations with regard to the severity of the alleged harassment or the deprivation of educational benefits and opportunities provided by the school. Accordingly, the question presented in this motion is whether the allegations of the complaint are sufficient to allow the trier of fact to find the deliberate indifference requirement to be satisfied.

     A school district acts with deliberate indifference "only where the [district's] response to the harassment or lack thereof is clearly unreasonable in light of the known circumstances." Davis Next Friend LaShonda D. v. Monroe County Bd. of Educ., 526 U.S. 629, 648 (1999). Here, plaintiff alleges that defendant's choice to wait eight days to take any action after having actual notice was clearly unreasonable and therefore constitutes deliberate indifference.[1]

     The court is aware that the Supreme Court has held that "[i]n an appropriate case, there is no reason why courts, on a motion to dismiss, for summary judgment, or for a directed verdict, could not identify a response as not 'clearly

---

[1] In the Complaint the exact dates are unclear, but the court uses eight days here because that is the number plaintiff relied on in oral argument.

unreasonable' as a matter of law." Davis, 526 U.S. at 649. The court simply finds that this is not such a case. No two cases will be the same on their facts. The Supreme Court does not tell us how much of a delay before taking action is "not clearly unreasonable as a matter of law."

Defendant relies on the Ninth Circuit's decision in Oden v. N. Marianas Coll., 440 F.3d 1085, 1089 (9th Cir. 2006), in which the court held that a nine month delay in convening a hearing on the alleged harassment was not clearly unreasonable. Therefore, defendant argues, a delay of eight days a fortiori is not clearly unreasonable. However, that case was decided on a motion for summary judgment, not a motion to dismiss. Furthermore, the facts in Oden are different from this case, in that there the college delayed holding a hearing in part on its understanding that plaintiff was looking for a lawyer and moved to New Mexico. Additionally, in Oden there was no evidence that plaintiff was prejudiced by the delay. In contrast, plaintiff in this case argues that after reporting the harassment, Kloster continued to harass her--sending her text messages and following her around the Sacramento City College campus during the summer semester. (Comp. ¶¶ 45; Ex. B.)

Defendant also relies on California district court decisions that found a plaintiff's factual allegations not to be sufficient to establish that a delayed response in remedying the harassment was clearly unreasonable. See Karasek v. Regents of Univ. of California, 226 F. Supp. 3d 1009, 1032 (N.D. Cal. 2016) (granting motion to dismiss without leave to amend for failure to plead deliberate indifference where University delayed response

3

to alleged sexual assault for three months); Moore v. Regents of the Univ. of California, Civ. No. 15-5779 RS, 2016 WL 2961984, at *6 (N.D. Cal. May 23, 2016) (granting motion to dismiss and finding three-month delay was not clearly unreasonable in light of the known circumstances). Neither of those decisions are binding on this court, and both were decided on distinguishable facts.

For example, in Karasek the court granted limited discovery to plaintiffs so that the court could make a decision after analyzing a more complete record. 226 F. Supp. 3d at 1032. And in Moore, the plaintiff had not alleged that she reported seeing her assailant on campus, informed university officials that she feared for her safety, or requested accommodations that would help ameliorate the situation. 2016 WL 2961984, at *6. In contrast, plaintiff alleges she reported Kloster's conduct, seeing him on campus, and her safety concerns to the Title IX department and the District police multiple times. (Compl. Ex. B.)

"Generally, deliberate indifference is a fact-intensive inquiry," Lilah R. ex rel. Elena A. v. Smith, Civ. No. 11-1860 MEJ, 2011 WL 2976805, at *5 (N.D. Cal. July 22, 2011) (citations omitted), and this is not "an appropriate case . . . on a motion to dismiss. . .[to] identity a response as not 'clearly unreasonable' as a matter of law." Davis, 526 U.S. at 649. Whether any conduct is reasonable or unreasonable typically depends upon the social mores and conventions of the particular community at a particular time. What is deemed reasonable in one place and at one time may be deemed unreasonable in another. Who

4

better to make those determinations?  A jury selected at random from a cross section of the community?  Or a single judge who is constrained by his ethics from the normal interactions with the community?  The answer should be self-evident.  That is why the law entrusts those decisions to the jury, and it is why the court will not take this claim away from the jury at this pleading stage of this case.

IT IS THEREFORE ORDERED that defendant's motion for reconsideration of the October 17, 2017 Order (Docket No. 22) be, and the same hereby is, DENIED.

Dated: January 29, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE