UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA RAMOS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LOS RIOS COMMUNITY COLLEGE DISTRICT, a public entity, THOMAS KLOSTER dba METRO-MATH TUTORING SERVICES, a company, THOMAS KLOSTER, an individual, DOES 1-50, inclusive,<br><br>Defendants. | CIV. NO. 2:17-1458 WBS KJN<br><br>MEMORANDUM AND ORDER RE: MOTION TO DISMISS STATE LAW CLAIMS |

This court's Order of October 17, 2017, denying defendant's motion to dismiss plaintiff's federal claim for violation of 20 U.S.C. § 1681(a), did not address plaintiff's supplemental state law claims for violation of Cal. Educ. Code § 66270, violation of California Civil Code § 51.9, negligence, and intentional infliction of emotional distress. The court now does so in this Order.

"[A] school district may be liable if its own direct negligence is established, [but] it cannot be held vicariously

1

liable for its employee's torts." John R. v. Oakland Unified Sch. Dist., 48 Cal. 3d 438, 441 (1989). Plaintiff argues that she is not attempting to hold the district vicariously liable, but argues that her state claims are premised on ratification.

As an alternate theory to respondeat superior, an employer may be liable for an employee's act where the employer either authorized the tortious act or subsequently ratified an originally unauthorized tort." C.R., 169 Cal. App. 4th at 1110. An employee may ratify an employee's action by the "voluntary election to adopt the employee's conduct by, in essence, treating the conduct as its own." Delfino v. Agilent Techs., Inc., 145 Cal. App. 4th 790, 810 (6th Dist. 2006). "The theory of ratification is generally applied where an employer fails to investigate or respond to charges that an employee committed an intentional tort, such as assault or battery." C.R. v. Tenet Healthcare Corp., 169 Cal. App. 4th 1094, 1110 (2d Dist. 2009).

The failure to discharge an employee after knowledge of his or her wrongful acts may be evidence supporting ratification, Delfino, 145 Cal. App. 4th at 810 (citation omitted), "but the omission to dispense with the services of the offender, standing by itself and unsupported by any other circumstances indicating the employer's approval of his course, is never sufficient to establish ratification." Edmunds v. Atchison, T. & S.F. Ry. Co., 174 Cal. 246, 249 (1917).

Here, there are no facts alleged that show that defendant voluntarily elected to treat Kloster's conduct as its own. See Garcia ex rel. Marin v. Clovis Unified Sch. Dist., 627 F. Supp. 2d 1187, 1199 (E.D. Cal. 2009) (Ishii, J.) (stating

plaintiff had not pled adequate facts to establish ratification where district took steps to effectuate change and punish the teacher). In fact, plaintiff concedes that the District police spoke to plaintiff the day after the District had actual notice of the harassment, and interviewed Kloster a week later. Thus, in response to learning about the harassment, the District investigated and responded to plaintiff's complaints.

Moreover, California courts have hesitated to apply a theory of ratification to hold a school district liable for the sexual harassment of its teachers. See id. at 1203. ("[I]t is unclear if ratification may be applied when the sexual misconduct of a teacher is involved.").[1] With regard to plaintiff's negligence claim, "[t]he only way a school district may be held liable must be premised on its own direct negligence in hiring and supervising the teacher." Steven F. v. Anaheim Union High Sch. Dist., 112 Cal. App. 4th 904, 909 (4th Dist. 2003) (citing John R., 48 Cal. 3d at 453).

Plaintiff argues that her negligence claim is based on the District's own negligent conduct, including the failure to

---

[1] Plaintiff argues that § 51.9 can be brought under a ratification theory. See C.R., 169 Cal. App. 4th at 1111 ("Principles of ratification apply to a section 51.9 cause of action.") Defendant argues that any § 51.9 claim against the District "must be rooted in a theory of conspiracy or aider and abettor liability." E.F. v. Delano Joint Union High Sch. Dist., Civ. No. 1:16-1166 LJO JLT, 2016 WL 5846998, at *6 (E.D. Cal. Oct. 6, 2016) (O'Neill, J.); see also Cal. Civ. Code § 52(b) ("Whoever denies the right provided by Section 51.7 or 51.9, or aids, incites, or conspires in that denial, is liable for each and every offense for the actual damages suffered by any person denied that right.") The court need not decide which standard applies. Under either standard, plaintiff has not sufficiently pled enough facts to establish ratification, conspiracy, or aiding and abetting.

3

adequately investigate the teacher's background and the failure to adequately supervise the teacher. (Pl.'s Opp'n to Mot. to Dismiss at 11.) However, as pled, plaintiff's negligence claim appears to be based exclusively on vicarious liability. Specifically, plaintiff alleges only that the district owed a duty of reasonable care, breached that duty of care, and that breach caused plaintiff harm. There are no facts alleged regarding the District's supervision or investigation of Kloster. A Complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007).

IT IS THEREFORE ORDERED that defendant's motion to dismiss plaintiff's state law claims under the California Equity in Higher Education Act, Cal. Educ. Code § 66270; California Civil Code § 51.9; negligence; and intentional infliction of emotional distress claims (Docket No. 4) be, and the same hereby is GRANTED.

Plaintiff has twenty days from the date this Order is signed to file a First Amended Complaint, if she can do so consistent with this Order.

Dated: January 29, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE