UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ANGELA RAMOS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LOS RIOS COMMUNITY COLLEGE DISTRICT, a public entity; THOMAS KLOSTER dba METRO-MATH TUTORING SERVICES, a company; THOMAS KLOSTER, an individual; DOES 1-50, inclusive,<br><br>Defendants. | No. 2:17-cv-01458 WBS KJN<br><br><br>MEMORANDUM AND ORDER RE: MOTION TO REMAND |

----oo0oo----

Plaintiff sued Los Rios Community College ("Los Rios"), Thomas Kloster, and Thomas Kloster dba Metro-Math Tutoring Services ("Metro-Math") in Sacramento County Superior Court on June 13, 2017. She alleged a violation of Title IX alongside multiple state law claims. One month later, defendant Los Rios removed the case to this court, which had original jurisdiction because of the Title IX claim. See 28 U.S.C. § 1367(a).

Following the dismissal of several of plaintiff's state

1

law claims, plaintiff reached a settlement agreement with Los Rios. Plaintiff and Los Rios subsequently filed a stipulation to dismiss Los Rios and Kloster individually (with prejudice). (Docket No. 45.)

Now, three state-law claims against defendant Metro-Math remain.[1] Presently before the court is plaintiff's motion to remand these claims to state court. (Docket No. 46.) Metro-Math, which has not appeared in this court, has filed no opposition.

It is within the court's discretion to continue to exercise supplemental jurisdiction over plaintiff's state law claims. See Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991)("It is well settled that a federal court does have the power to hear claims that would not be independently removable even after the basis for removal jurisdiction is dropped from the proceedings")(quotations and citation omitted). In evaluating whether or not to do so, the court must consider the values of "economy, convenience, fairness, and comity." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351 (1988). The Supreme Court has noted that in "the usual case" in which all federal claims are eliminated before trial and only state law claims remain, these factors will typically "point toward declining to exercise jurisdiction over the remaining state-law claims." Id. at 350 n.7. The court should also decline to

---

[1] The three state-law claims remaining against defendant Metro-Math are: (1) Violation of California Civil Code § 52.4; (2) Sexual harassment in violation of Government Code §§ 12900 et seq.; and (3) Failure to take steps to prevent and/or correct harassment, discrimination, or retaliation, in violation of Government Code §§ 12940 (j) & (k).

2

exercise supplemental jurisdiction over state-law claims that require "multiple decisions on important, unsettled, and policy-laden issues of California law." Holly D. v. Cal. Inst. Of Tech., 339 F. 3d 1158, 1181 n.28 (9th Cir. 2003).

This case has been pending before this court for more than a year, and the court has developed some level of familiarity with its facts. However, trial is not scheduled until September 2019. Given these circumstances, the judicial economy consideration may militate slightly in favor of the court continuing to exercise supplemental jurisdiction over the plaintiff's state-law claims. The remaining factors, however, on balance, weigh in favor of remand. Comity weighs in favor of remand because the state court is equally competent to hear the remaining state law claims and may have a better understanding of the relevant state law. Convenience and fairness do not weigh in favor of exercising jurisdiction. The state and federal fora are equally convenient for the parties, and there is no reason to doubt that the state court will provide an equally fair adjudication of the plaintiff's claims.

The balance of these factors weighs in favor of remand. Accordingly, the court will decline to exercise supplemental jurisdiction over plaintiff's state-law claims.

IT IS THEREFORE ORDERED that this action be, and the same hereby is, REMANDED to Superior Court of the State of California in and for the County of Sacramento. All pending dates before this court are hereby VACATED.

Dated: November 6, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE